# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| **KIMIKO ROLLINS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO: |
| v. | ) |
| | ) JURY DEMAND |
| **ISS FACILITY SERVICES, INC.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Kimiko Rollins ("Plaintiff" or "Ms. Rollins") submits this Complaint against ISS Facility Services Inc., ("Defendant" or "ISS"):

### Parties

1. Plaintiff Kimiko Rollins is a former employee of Defendant who is a citizen and resident of Shelby County, Tennessee.

2. ISS Facility Services Inc., is a Delaware corporation with its principal office in Texas. Defendant will be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

### Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

4. This is an action for damages for unlawful termination of Ms. Rollins in violation of the Tennessee Human Rights Act ("THRA"), T.C.A. 4-21-101, *et. seq.*, and the Tennessee Disability Act ("TDA"), T.C.A. 8-50-104, *et. seq.*

5. Plaintiff has related claims that have not yet been administratively exhausted under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act and the Americans with Disabilities Act. Plaintiff reserves the right to amend to include causes of action under Title VII/PDA and the ADA upon administrative exhaustion and the issuance of a Notice of Right to Sue.

## Facts

6. Defendant hired Ms. Rollins around January 5, 2017.

7. Ms. Rollins worked as a housekeeper at Memphis International Airport.

8. Ms. Rollins had a solid job performance record. She was not formally reprimanded or written up as an ISS employee.

9. Ms. Rollins is a female.

10. Ms. Rollins became pregnant around July 2017.

11. Ms. Rollins did not inform any ISS agent of her pregnancy or show visual signs of pregnancy upon casual observation between July 2017 and October 9, 2017.

12. Between July and October 9, 2017, Ms. Rollins worked a regular work schedule. She was not reprimanded or disciplined for any reason during this period.

13. On October 9th, Ms. Rollins was compelled to go to the emergency room because of pregnancy-related complications.

14. On October 10th, Ms. Rollins told ISS supervisor/manager Crystal Holt that she had a health issue that required her to go to the emergency room on October 9th.

15. Plaintiff, pursuant to her medical professional's recommendation, asked Ms. Holt if she could be excused from work on October 10, 2017. Ms. Holt approved Plaintiff's request.

16. The medical professional who treated Plaintiff recommended restrictions on Ms. Rollins' personal and work activities in order to assure the safety of herself and her unborn child. The medical professional recommended several work/activity accommodations and restrictions. Written documentation reflecting the work restrictions and accommodations was provided to Plaintiff at the emergency room.

17. On October 11, 2017, Ms. Rollins went to her place of employment.

18. On October 11, 2017, Ms. Rollins: (1) notified ISS management of her pregnancy status; (2) requested a number of accommodations related to her condition(s) with ISS management; and (3) provided ISS management with documentation to support her request for accommodations.

19. Defendant responded to Ms. Rollins with immediate hostility and disdain.

20. Defendant made no effort to make a reasonable accommodation for Ms. Rollins.

21. Defendant did not engage in any interactive process with Plaintiff, or make any effort to determine if Plaintiff's accommodation request could be met without undue hardship.

22. Two days later, on Friday, October 13th, Defendant fired Ms. Rollins.

23. In a conversation with a member of ISS management, Defendant made the real reason for Ms. Rollins' termination clear. Ms. Rollins was told, "You know you weren't supposed to get pregnant." During the same conversation, the supervisor/manager told Ms. Rollins, "After you have your child and get resituated, I will hire you back."

24. Defendant's reason(s) for its adverse employment actions against Ms. Rollins were discriminatory, retaliatory, and otherwise unlawful. Any non-discriminatory reasons claimed by Defendant in litigation as to why Plaintiff was fired is false and a pretext for discrimination and retaliation.

25. Defendant treated Ms. Rollins less-favorably than it treated similarly-situated employees who are not women, pregnant, or perceived as having impairments/disabilities.

26. Defendant's actions were willful, malicious, and recklessly indifferent to Plaintiff's right to work in an environment free from discrimination and retaliation.

27. Defendant's conduct has caused Ms. Rollins to suffer a substantial loss of income and other privileges and benefits of employment; caused her to incur medical expense she otherwise would not have; and caused her to suffer embarrassment, humiliation, emotional distress, mental anguish, stress, anxiety, exacerbation of medical conditions, damage to her reputation, inconvenience, and loss of enjoyment of life. Plaintiff has also incurred attorneys' fees, costs, and related litigation expenses.

## Causes of Action

### Discrimination in Violation of the Tennessee Human Rights Act

28. Based upon the conduct described in this Complaint, Defendant is liable for the violations of the THRA on the basis of sex (female) and pregnancy.

29. Defendant's treatment of Plaintiff was motivated on her membership in these categories and less favorable than individuals who were not members of these protected classes.

30. Defendant's discriminatory treatment of Plaintiff was intentional and demonstrates reckless indifference to her legally protected rights.

31. Defendant's conduct has harmed and caused damage to Plaintiff.

### Retaliation in Violation of the Tennessee Human Rights Act

32. Based on the conduct described in the preceding paragraphs, Defendant is liable under the THRA for retaliation.

33. Plaintiff engaged in protected conduct by notifying her employer of her condition/pregnancy and requesting accommodation.

34. Within two days, Defendant retaliated against Plaintiff by ending her employment.

35. Defendant's retaliation was intentional, malicious, and was recklessly indifferent to her right to work in an environment free from discrimination and retaliation.

36. Defendant's conduct caused harms and losses to Plaintiff.

### Discrimination in Violation of the TDA

37. Based upon the conduct described in this Complaint, Defendant is liable for its violations of the TDA (T.C.A 8-50-103).

38. Defendant's termination of Plaintiff was on the basis of actual or perceived disabilities and health impairments of Plaintiff.

39. Defendant's discriminatory treatment of Plaintiff was intentional and demonstrates reckless indifference to her legally protected rights.

40. Defendant's conduct has harmed and caused damage to Plaintiff.

### Reservation of Rights to Include Federal Claims

### Discrimination and Retaliation in Violation of Title VII of the Civil Rights Act of 1964, and

### Discrimination, Retaliation, Failure to Accommodate, and Failure to Engage in Interactive Process in Violation of the Americans with Disabilities Act

41. Based on the conduct described in this Complaint, Defendant is liable for its violations of Title VII of the Civil Rights Act as amended by the Pregnancy Discrimination Act.

42. Based on the conduct described in this Complaint, Defendant is liable for its violations of the Americans with Disabilities Act.

43. Defendant's termination of Plaintiff was on the basis of sex.

44. Defendant's termination of Plaintiff was on the basis of actual or perceived disabilities and health impairments of Plaintiff.

45. Defendant failed to make reasonable accommodation, engage in the interactive process, or otherwise engage in conduct demanded under the law of a prudent employer under the ADA/ADAAA.

46. Defendant's discriminatory treatment of Plaintiff was intentional and demonstrates reckless indifference to her legally protected rights.

47. Defendant's conduct has harmed and caused damage to Plaintiff.

## Prayer for Relief

Ms. Rollins respectfully requests:

1. That process issue and be served upon Defendant, and that it be directed to answer this Complaint within the time period prescribed by law;
2. That this case be set for trial and that a jury be empaneled to hear and decide the merits and damages;
3. That Ms. Rollins be awarded judgment and damages, including but not limited to back pay, front pay, and compensatory damages for embarrassment, humiliation, mental anguish and stress, and outrage of $300,000.00; punitive damages [upon administrative exhaustion of federal claims] of $300,000.00.
4. That Ms. Rollins be awarded attorneys' fees and expenses;
5. That Ms. Rollins be awarded pre-judgment interest;
6. That all costs be taxed against Defendant; and
7. That Ms. Rollins be awarded such other and further legal or equitable relief to which she may be entitled.

Respectfully Submitted,

/s Brian C. Winfrey

_____

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com