# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KIMIKO ROLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:18-cv-02165-TLP-cgc |
| v. | ) |
| | ) JURY DEMAND |
| ISS FACILITY SERVICES INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

ISS Facility Services, Inc. ("Defendant") moves for partial dismissal of this case for failure to state a claim under Rule 12(b)(6). (ECF No. 13.) For these reasons, the Motion is GRANTED.

## BACKGROUND

The Court takes the facts of the case from the Complaint and accepts them as true to resolve Defendant's Partial Motion to Dismiss. (ECF No. 1.) Defendant hired Kimiko Rollins ("Plaintiff") to work as a housekeeper at Memphis International Airport. (*Id.* at PageID 2.) Plaintiff became pregnant in July 2017, and she experienced pregnancy-related complications on October 9. After being treated, Plaintiff notified Defendant of her pregnancy, requested several accommodations related to her conditions, and provided documentation to support her requests. (*Id.* at PageID 3.) Two days after these requests, Defendant terminated Plaintiff. (*Id.*) Thus, Plaintiff is suing Defendant for: (1) discrimination in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.*, (2) retaliation in violation of the THRA,

and (3) discrimination in violation of the Tennessee Disability Act (the "TDA"). (ECF No. 1 at PageID 4–5.)

In addition to these state law claims, Plaintiff includes a section in the Complaint with the heading, "Reservation of Rights to Include Federal Claims" ("Reservation of Rights"). She includes in that section a description of the two federal claims which she is reserving along with the factual assertions supporting those claims: (1) discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 under 42 U.S.C. §2000e, et seq., and (2) discrimination, retaliation, failure to accommodate, and failure to engage in interactive process in violation of the Americans with Disabilities Act ("ADA") under 42 U.S.C. § 12101. (*Id.* at PageID 5–6.) She admittedly cannot assert these claims directly because, although she expects one any minute, she has not received her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). This leaves Plaintiff in a state of "limbo" because she must bring the claims under state law or risk losing them according the statute of limitations.

Recognizing this situation, Defendant now moves this Court to dismiss the two federal claims as well as the retaliation claim under the THRA. (ECF No. 13-1.) That said, according to Plaintiff's Memorandum Response in Opposition to Defendant's Partial Motion to Dismiss (ECF No. 20), Plaintiff states that she prefers not to pursue the retaliation claims under the THRA, defending only the federal claims in this particular motion. (*Id.* at PageID 77, n. 1.)

## **LEGAL STANDARD**

The Court begins its analysis of the motion here with Rule 12(b)(6). A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering the motion, a district court should construe the complaint in the "light most favorable" to the non-moving party and accept all

"well-pled allegations as true." *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 274 (6th Cir. 2010) (citing *Jones v. City of Cincinnati,* 521 F.3d 555, 559 (6th Cir. 2008)). A claim that "contains 'either direct or inferential allegations respecting all material elements' necessary for recovery under a viable legal theory . . . " is a well-pleaded claim. *Phil. Indem. Ins. Co. v. Youth Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry,* 604 F.3d at 275–76). Although "detailed factual allegations" are unnecessary, a plaintiff must still "provide the grounds of his entitlement to relief" beyond just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555 (internal citations and quotation marks omitted); *see Terry,* 604 F.3d at 275–76 (A court does not have to accept as true mere "legal conclusions or unwarranted factual inferences.") "[T]he court is not required to accept [plaintiff's] characterization of the conduct as opposed to the plaintiff's factual description of the conduct itself." *Tankesly v. Corr. Corp. of Am.*, No. 3:14-CV-0911, 2017 WL 3034654, at *20 (M.D. Tenn. July 18, 2017).

Rule 8 of the Federal Rules of Civil Procedure also provides guidance about the requirements for a complaint. According to Rule 8, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In practice, Rule 8 requires that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

## ANALYSIS

Defendant argues that Plaintiff has raised factual assertions in the Complaint regarding the federal claims that, on their face and construed liberally, would satisfy the material elements

of her federal claims. (ECF No. 1 at PageID 5–6.) Because the EEOC has not issued its right-to-sue letter to Plaintiff, Defendant argues these federal claims should be dismissed right away. For example, Plaintiff alleges that "Defendant is liable for violations of Title VII . . . [and] the Americans with Disabilities Act," and that her termination was based on her sex and her "actual or perceived disabilities and health impairments." (*Id.* at PageID 5–6.) Plaintiff also asserts that Defendant's alleged conduct was "intentional and demonstrates reckless indifference to her legally protected rights." (*Id.* at PageID 6.) Finally, Plaintiff alleges harm as a result of Defendant's alleged conduct. (*Id.*) What is more, Defendant argues that Plaintiff's intent to obtain discovery on those claims, "which the Court specifically accounted for in condensing the discovery period, makes clear that the claims are already 'live' in this litigation." (ECF No. 21 at PageID 83.)

At bottom, Defendant argues that, even if the right-to-sue letter is a foregone conclusion, the federal claims are not ripe and the Court should dismiss them at present. And Plaintiff must refile those claims if, and only if, the EEOC issues that letter. The Court reluctantly agrees with Defendant.

I. **Plaintiff's Federal Claims**

If Plaintiff has brought the federal claims in the Reservation of Rights, the Court focuses on the level of prejudice that the parties would experience if the federal claims remain without the right-to-sue letter because "a failure to exhaust administrative remedies—the asserted basis for the Government's motion—is not a jurisdictional bar, but rather a condition precedent to an action in federal court." *See, e.g., Zipes v. Trans World Airlines,* 455 U.S. 385, 393–98, (1982); *Mitchell v. Chapman,* 343 F.3d 811, 819–20 (6th Cir. 2003). Courts are concerned with the timing of when a plaintiff receives her right-to-sue letter and when a dispositive motion is filed.

To illustrate, in *Kendel v. Local 18-A United Workers and Commercial Workers*, the plaintiff had not received a right-to-sue letter, and the defendant moved to dismiss for failure to state a claim because the plaintiff must receive her right-to-sue letter before asserting a Title VII claim. No. 5:10-CV-1111, 2010 WL 3937359 at *1 (N.D. Ohio Oct. 6, 2010). The court reasoned that a right-to-sue letter from the EEOC is a "condition precedent" to filing a Title VII action in a federal court, and "failure to obtain a right-to-sue letter merits dismissal without prejudice." *Id.* (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998)). "Because the requirement is not jurisdictional, plaintiff may cure this defect after filing the complaint by informing the Court that she has obtained a right-to-sue letter, but plaintiff must do so before the defendant moves for dismissal." *Id.* (citing *Portis v. State of Ohio*, 141 F.3d 632, 635 (6th Cir. 1998)). If the plaintiff has not received the right-to-sue letter, and the defendant has moved to dismiss based on the plaintiff's inability to get a letter, dismissal would be appropriate. *Id.* at *2.

On the other hand, in *Portis v. State of Ohio*, the plaintiff received her right-to-sue letter a week after filing her complaint but before the defendant filed the motion to dismiss. 141 F.3d at 634. There, the court determined that there was "no reason to bar [the plaintiff's] claim solely on the grounds of a non-jurisdictional requirement whose brief absence caused Ohio no prejudice in this case." *Id.* Even so, the Sixth Circuit made sure to state that "the proper time for Ohio to raise [the lack of a right-to-sue letter] was between the filing of the lawsuit and [the plaintiff's] receipt of the letter." *Id.* at 635. Thus, the Sixth Circuit held that the federal claim should survive the motion to dismiss because the plaintiff cured the defect before the dispositive motion. *See id.*

Similarly, in *Parry v. Mohawk Motors of Mich., Inc.*, the plaintiff had received the right-to-sue letter *before* the district court's order granting summary judgment. 236 F.3d 299, 310 (6th

5

Cir. 2000). On appeal, the Sixth Circuit concluded that "it would be unduly harsh . . . to deny [the plaintiff] his day in court as to his ADA claim . . . ." *Id.* The Sixth Circuit found that it was significant that the plaintiffs had received the right-to-sue letter in allowing the claims to stand. *See id.* at 309; *Portis*, 141 F.3d at 634; *see also Gambill v. Duke Energy Corp.*, No. 1:06-CV-00724, 2007 WL 2902939 at *3 (S.D. Ohio October 2, 2007) (determining that when a plaintiff produces a right-to-sue letter after filing an action in federal court, dismissal is not warranted).

Here, despite categorizing them as "reservations," Plaintiff affirmatively asserts the federal claims. Plaintiff factually alleges conduct that, alongside her THRA claim, violates federal statutes. Plus she includes an intent element and harm. Even though there is factual overlap, Plaintiff is specifically targeting facts that would support her federal claims in discovery. As the Complaint currently stands, because the federal claims are not proper, Defendant is prejudiced by not being able to assert affirmative defenses against Plaintiff's federal claims. For that reason, Defendant has filed the Motion to Dismiss here.

And the Court finds that Plaintiff needs to wait to receive her notice of right to sue before bringing her federal claims. Plaintiff's Reservation of Rights leaves the parties and the Court in its own kind of limbo that cannot continue. So because the EEOC has not issued a right-to-sue letter and because Defendant filed the Motion to Dismiss before Plaintiff receiving that letter, granting Defendant's Partial Motion to Dismiss is appropriate. Those claims and the allegations supporting them in the Complaint are DISMISSED WITHOUT PREJUDICE.

## II. Plaintiff's Retaliation Claim under the THRA

Defendant also points out Plaintiff "prefers not to pursue her THRA retaliation claims, and will proceed only under the THRA with her discrimination claims as detailed in the Complaint." (ECF No. 21 at PageID 85 (quoting ECF No. 20 at PageID 77, n. 1).) Because

Plaintiff has expressly stated that she will no longer pursue her retaliation claim under the THRA, this Court holds that Plaintiff has abandoned this claim. *See, e.g., Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838 (E.D. Mich. 2016) (dismissing multiple foreclosure related claims because borrowers "did not offer any argument in defense" of the claims in response to motion to dismiss); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) ("Moreover, Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim."); *Beydoun v. Countrywide Home Loans, Inc.,* No. 09-10445, 2009 WL 1803198, at *3 (E.D. Mich. June 23, 2009) (same). Hence, the retaliation claim under the THRA is DISMISSED WITH PREJUDICE.

## **CONCLUSION**

For these reasons, the Defendant's Partial Motion to Dismiss is GRANTED and Plaintiff's claims are DISMISSED as follows:

(1) the Title VII claim is DISMISSED WITHOUT PREJUDICE;

(2) the ADA claim is DISMISSED WITHOUT PREJUDICE; and

(3) the retaliation claim under the THRA is DISMISSED WITH PREJUDICE.

**SO ORDERED**, this 18th day of July, 2018.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE